IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED

JUL 14 2017

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>and<br>KRISTEN NEWMAN and<br>MONTANA FAIR HOUSING, INC.,<br><br>        Intervening Plaintiffs,<br><br>vs.<br><br>JACLYN KATZ,<br><br>        Defendant. | No. CV 14-68-BU-SEH<br><br>**ORDER** |

The jury rendered verdicts on issues submitted on May 17, 2017, following a seven-day trial.[1] Judgment was entered on May 17, 2017.[2] An Amended Judgment was filed May 18, 2017.[3]

---

[1] Docs. 214, 216.

[2] Doc. 218.

[3] Doc. 219.

Intervening Plaintiffs moved for a post-trial order of equitable relief on May 19, 2017,[4] and on May 31, 2017, moved for an award of reasonable fees and costs.[5] Katz filed Defendants [sic] Motion for Reasonable Attorney Fees and Costs[6] on June 7, 2017.

Federal Rule of Civil Procedure 54(d)(2)(B) provides that "[u]nless a statute or a court order provides otherwise, the motion [for attorney's fees] must . . . be filed no later than 14 days after the entry of judgment." Katz attorney's fees motion was filed 20 days after entry of the Amended Judgment. Katz cites no statute permitting her to file the motion later than 14 days after judgment. The Court is aware of no statute or rule of procedure allowing such a motion. Moreover, no motion to extend the time for submission of a motion seeking attorney's fees was filed. No extension granted. The motion was untimely.

Katz filed a Renewed Motion for Judgment as a Matter of Law (FRCP 50); Motion for New Trial (FRCP 50 [sic]); [and] Motion for Relief from Final Judgment (FRCP 60) on June 15, 2017.[7] All three were denied by Order[8] of June

---

[4] Doc. 220.

[5] Doc. 225.

[6] Doc. 228.

[7] Doc. 238.

[8] Doc. 243 (quoting L.R. 7.1(c)).

20, 2017, for failure to comply with L.R. 7.1(c). The motions were refiled on June 21, 2017.[9]

Federal Rules of Civil Procedure 50(b) and 59(b) specify the time for filing a renewed motion for judgment as a matter of law and a motion for a new trial is "28 days after the entry of judgment."[10] "A court must not extend the time to act under Rules 50(b) and . . . 59(b)."[11] Katz Rule 50(b) and 59(b) motions were filed 34 days after entry of the amended judgment. Notwithstanding the Court's invitation to properly file her Rule 50(b) and (59)(b) motions after failing to comply with L.R. 7.1(c), such motions when refiled were untimely.

Intervening Plaintiffs filed a Joint Notice of Appeal[12] on June 21, 2017. On the same date, the Court invited each party to submit a brief on whether such notice of appeal divested the Court of jurisdiction to decide the several post-trial motions.[13] All, without agreement on the jurisdictional issue, submitted briefs in response.[14]

---

[9] Doc. 246.

[10] Fed. R. Civ. P. 50(b); Fed R. Civ P. 59(b).

[11] Fed R. Civ. P. 6(b)(2).

[12] Doc. 244.

[13] Doc. 245.

[14] Doc. 257 (United States); Doc. 258 (Intervening Plaintiffs); Doc. 259 (Katz).

ORDERED:

1. Intervening Plaintiffs' Motion for Post Trial Order of Equitable Relief[15] and Intervening Plaintiffs' Motion for Award of Reasonable Fees and Costs[16] are DENIED without prejudice to renewal, if appropriate, upon resolution of the now-pending appeal in this matter.

2. Defendants [sic] Motion for Reasonable Attorney Fees and Costs,[17] renewed motion for judgment as a matter of law,[18] and motion for new trial[19] are DENIED.

FURTHER ORDERED:

Proceedings on Katz's motion for relief from final judgment[20] are STAYED pending resolution of the now-pending appeal in this matter.

DATED this 14th day of July, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[15] Doc. 220.

[16] Doc. 225.

[17] Doc. 228.

[18] Doc. 246.

[19] Doc. 246.

[20] Doc. 246.